UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID SHARPE,<br><br>    Plaintiff,<br><br>    v.<br><br>J. DOER, et al.,<br><br>    Defendants. | No. 1:25-cv-00011 GSA (PC)<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS<br><br>ORDER RECOMMENDING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS BE DENIED AS INCOMPLETE<br><br>(ECF No. 2)<br><br>ORDER RECOMMENDING MATTER BE DISMISSED FOR FAILURE TO OBEY COURT ORDERS<br><br>(ECF Nos. 4, 5)<br><br>PLAINTIFF'S OBJECTIONS DUE IN FOURTEEN DAYS |

Plaintiff, a federal inmate proceeding pro se and in forma pauperis, has filed this civil rights action seeking relief under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971) (federal prisoner) and other federal statutes. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

For the reasons stated below, the undersigned will recommend that Plaintiff's application to proceed in forma pauperis be denied as incomplete and that this matter be dismissed for failure

1

to obey court orders.  Plaintiff will be given fourteen days to file objections to this order.

I.   RELEVANT BACKGROUND

   A.   Order Directing Plaintiff to File Signed In Forma Pauperis Application and Six-Month Prisoner Trust Fund Account Statement

On January 3, 2025, Plaintiff's complaint and his application to proceed in forma pauperis were docketed.  ECF Nos. 1, 2.  On January 7, 2025, after reviewing Plaintiff's in forma pauperis application, the Court noted that Plaintiff had not signed it.  See Fed. R. Civ. P. 11(a) (requiring all pleadings, writings, etc. to be signed).  As a result, Plaintiff was ordered to file a new signed in forma pauperis application.  ECF No. 4 at 2.  In addition, Plaintiff was ordered to file a six-month prisoner trust fund account statement as the law requires.  Id.; see 28 U.S.C. § 1915(a)(2).  He was given thirty days to do both.  Id.  At that time, Plaintiff was also cautioned that his failure to comply with the Court's order within the time allotted might result in a recommendation that this case be dismissed.  Id.

   B.   Order Directing Plaintiff to Show Cause

Thirty days passed and Plaintiff failed to file a signed application to proceed in forma pauperis, nor did he file his six-month prisoner trust fund account statement with that period.  As a result, on February 26, 2025, the Court ordered Plaintiff to show cause why this matter should not be dismissed for failure to obey a court order.  ECF No. 5.  As an alternative to filing the showing of cause, Plaintiff was told that he could either file the signed in forma pauperis application along with his six-month prisoner trust fund application, or he could or pay the filing fee in full.  Id. at 2-3.  Plaintiff was given fourteen days to take one of these courses of action.  Once again, Plaintiff was warned that his failure to timely comply with the order could result in a recommendation that this matter be dismissed.  Id. at 3.

More than fourteen days have passed and Plaintiff has not filed the documents that have been requested, nor has he filed an extension of time to do so.  He not responded to either of the Court's orders in any way.

II.   APPLICABLE LAW

   A.   Federal Rule of Civil Procedure 41(b) and Local Rule 110

2

Federal Rule of Civil Procedure 41 permits this Court to dismiss a matter if a plaintiff fails to prosecute or he fails to comply with a court order. See Fed. R. Civ. P. 41(b). Local Rule 110 also permits the imposition of sanctions when a party fails to comply with a court order. L.R. 110.

### B. Malone Factors

The Ninth Circuit has clearly identified the factors to consider when dismissing a case for failure to comply with a court order. It writes:

> A district court must weigh five factors in determining whether to dismiss a case for failure to comply with a court order: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions."

Malone v. United States Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (quoting Thompson v. Hous. Auth. of City of Los Angeles, 782 F.2d 829 (9th Cir. 1986) (per curiam)).

### III. DISCUSSION

#### A. Rule 41(b) and Local Rule 110 Support Dismissal of This Case

The fact that Plaintiff has failed either to pay the filing fee in full or to file a signed in forma pauperis application along with a six-month prison trust fund account statement, as well as the fact that he has failed to respond to the Court's order to show cause warrants dismissal of this matter in accord with Rule 41(b). This inaction on Plaintiff's part also warrants the imposition of sanctions in the form of dismissal of this case, consistent with Local Rule 110.

#### B. Application of Malone Factors Supports the Dismissal of This Case

##### 1. Expeditious Resolution of Litigation; Court's Need to Manage Its Docket

Plaintiff has been given more than ample time either to pay the filing fee in full or to file a signed in forma pauperis application along with a six-month prison trust fund account statement, as well as to respond to the Court's order to show cause. Yet, he has failed to do either, nor has he contacted the Court to provide reasons for not having done so.

3

1    The Eastern District Court has an unusually large caseload.[1] "[T]he goal of fairly dispensing justice . . . is compromised when the Court is forced to devote its limited resources to the processing of frivolous and repetitious requests." Whitaker v. Superior Court of San Francisco, 514 U.S. 208, 210 (1994) (brackets added) (citation omitted). Thus, it follows that keeping this case on the Court's docket when Plaintiff has not even met the threshold requirement of addressing the filing fee issues in this case (after having been given more than one opportunity to do so) is not a good use of the Court's already taxed resources. Indeed, keeping this matter on the Court's docket would stall a quicker disposition of this case. Additionally, in fairness to the many other litigants who currently have cases before the Court, no additional time should be spent on this matter, irrespective of any action Plaintiff might take after the issuance of this order.

### 2. Risk of Prejudice to Defendants

Furthermore, because viable Defendants have yet to be identified and served in this case, they have not put time and effort into defending against it. As a result, there will be no prejudice to them if the matter is dismissed. On the contrary, dismissal will benefit any potentially viable Defendants because they will not have to defend themselves against Plaintiff's complaint.

### 3. Availability of Less Drastic Sanctions; Favored Disposition of Cases on Merits

Finally, given that Plaintiff has not filed anything with the Court since his complaint and application to proceed in forma pauperis were docketed on January 3, 2025, including, but not limited to requests for extensions of time to comply with the Court's orders, there is no less drastic option than dismissal. Without Plaintiff having either paid the filing fee in full, or filed a signed in forma pauperis application along with his six-month prison trust fund account

---

[1] The Eastern District of California carries one of the largest and most heavily weighted caseloads in the nation. See Office of the Clerk, United States District Court, Eastern District of California, 2024 Annual Report, "Weighted Filings," p. 35 (2024) ("[O]ur weighted caseload far exceeds the national average . . . ranking us fourth in the nation and first in the Ninth Circuit."). This problem is compounded by a shortage of jurists to review its pending matters. See generally id. (stating 2024 Biennial Judgeship Survey recommended request for four additional permanent judgeships for Eastern District of California).

statement, this matter cannot be prosecuted, nor can it be disposed of on its merits.

## IV. CONCLUSION

For these reasons, consistent with Federal Rule of Civil Procedure 41(b) and Local Rule 110, and having considered the Malone factors, the undersigned will recommend that Plaintiff's unsigned application to proceed in forma pauperis be denied as incomplete, and that this matter be dismissed without prejudice for failure to prosecute and for failure to obey court orders. Plaintiff will be given fourteen days to file objections to this order.

Accordingly, IT IS HEREBY ORDERED that the Clerk of Court shall randomly assign a District Judge to this matter.

IT IS FURTHER RECOMMENDED that:

1. Plaintiff's application to proceed in forma pauperis (ECF No. 2) be DENIED as incomplete, and

2. This matter be DISMISSED without prejudice for failure to obey court orders. See Fed. R. Civ. P. 41(b); Local Rule 110.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, Plaintiff may file written objections with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and it shall not exceed fifteen pages.

The Court will not consider exhibits attached to the objections.  To the extent that Plaintiff wishes to refer to any exhibit, when possible, Plaintiff must reference the exhibit in the record by its CM/ECF document and page number or reference the exhibit with specificity.  Any pages filed in excess of the fifteen-page limit may be disregarded by the District Judge when conducting the 28 U.S.C. § 636(b)(l)(C) review of the findings and recommendations. Plaintiff's failure to file objections within the specified time may result in the waiver of certain rights on appeal. See Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014); Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:  **March 20, 2025**                          **/s/ Gary S. Austin**
                                                    UNITED STATES MAGISTRATE JUDGE