UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID SHARPE,<br><br>              Plaintiff,<br><br>     v.<br><br>J. DOER, et al.,<br><br>              Defendants. | No.  1:25-cv-00011 KES GSA (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS<br><br>(ECF No. 7) |

Plaintiff, a federal inmate proceeding pro se and in forma pauperis, filed this civil rights action seeking relief under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and other federal statutes.  The matter was referred to a United States magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On March 21, 2025, the assigned magistrate judge issued findings and recommendations recommending that (1) plaintiff's unsigned application to proceed in forma pauperis be denied as incomplete, and (2) this matter be dismissed without prejudice for failure to prosecute and for failure to obey court orders.  Doc. 7.  Specifically, as to the latter recommendation, the magistrate judge found that the relevant factors—that is, the public's interest in expeditious resolution of litigation; the court's need to manage its docket; the risk of prejudice to the defendants; the public policy favoring disposition of cases on their merits; and the availability of less drastic sanctions— weigh in favor of dismissing the case without prejudice as a sanction for plaintiff's failure to

1

prosecute and obey court orders. *Id.* at 3–5; *see Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986) (failure to prosecute); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 133 (9th Cir. 1987) (failure to comply with a court order). The findings and recommendations were served on plaintiff and contained notice that any objections thereto were to be filed within fourteen days after service. *Id.* To date, plaintiff has not filed objections to the findings and recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1), the Court has conducted a de novo review of this case. Having carefully reviewed the file, the Court concludes that the conclusions that the *Henderson* and *Malone* factors support dismissal of this case without prejudice for failure to prosecute and failure to obey court orders are supported by the record.

As the findings and recommendations correctly note, the first two factors weigh in favor of dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("The public's interest in expeditious resolution of litigation always favors dismissal."). The public's interest in expeditious resolution of litigation and the Court's need to manage its docket weigh in favor of dismissal because the Court cannot effectively manage its docket, nor can the litigation be expeditiously resolved, as plaintiff has failed to comply with, or respond to, the magistrate judge's January 7, 2025 order directing plaintiff to file a signed in forma pauperis application and a six-month prisoner trust fund account statement. Nor did plaintiff respond to the magistrate judge's February 26, 2025 order to show cause as to why the matter should not be dismissed for failure to comply with the January 7 order, or, alternatively, to pay the filing fee.

As to the third factor, the risk of prejudice to the defendant also weighs in favor of dismissal, given that unreasonable delay in a case gives rise to a presumption of injury to the defendant. *See, e.g.*, *Anderson v. Air W., Inc.*, 542 F.2d 522, 524 (9th Cir. 1976). While the fourth consideration, that public policy favors disposition of cases on their merits, generally weighs against dismissal, here it lends little support "to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *In re Phenylpropanolamine (PPA) Products Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citations omitted).

Finally, there is little else available to the Court that would constitute a satisfactory lesser

sanction given the Court's apparent inability to communicate with plaintiff. *See, e.g., Gaston v. Marean*, 2020 WL 4059200, at *3 (E.D. Cal. July 20, 2020) ("[G]iven the Court's apparent inability to communicate with Plaintiff, there are no other reasonable alternatives available to address Plaintiff's failure to prosecute this action."). Without plaintiff having either paid the filing fee in full or filed a signed in forma pauperis application along with his six-month prison trust fund account statement, this matter cannot be prosecuted, nor can it be disposed of on its merits.

Accordingly:

1. The findings and recommendations issued March 21, 2025, Doc. 7, are adopted;
2. Plaintiff's application to proceed in forma pauperis, Doc. 2, is denied as incomplete;
3. This matter is dismissed without prejudice for failure to pay the filing fee and failure to obey court orders; and
4. The Clerk of the Court is directed close this case.

IT IS SO ORDERED.

Dated:   June 11, 2025

UNITED STATES DISTRICT JUDGE

3